**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| Freddie Martinez, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | Civil Action No. 1:20-cv-954<br><br>JURY TRIAL DEMANDED |
| Chenault Consulting Inc., | § § | COLLECTIVE AND CLASS ACTION |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Freddie Martinez ("Martinez" or "Plaintiff"), individually and on behalf of all other similarly situated employees, files this Complaint against Chenault Consulting Inc. ("Chenault" or "Defendant"), showing in support as follows:

**I.     NATURE OF ACTION**

1.      This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking damages for Defendant's failure to pay Plaintiff time and one-half the regular rate of pay for all hours worked over 40 during each seven day workweek while working for Defendant paid on a day rate basis.

2.      Plaintiff files this lawsuit individually and as an FLSA collective action on behalf of all similarly situated current and former employees of Defendant while paid on a day rate basis and/or hourly basis who, like Plaintiff, were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven day workweek in the time period of three years preceding the date this lawsuit was filed and forward (the "Collective Action Members").

3.      This civil action is also brought under the New Mexico Minimum Wage Act, N.M.

Stat. Ann. §§ 50-4-20 – 50-4-30 ("NMMWA") seeking damages for Defendant's failure to pay

Plaintiff time and one-half the regular rate of pay for all hours worked over 40 during each seven

day workweek while working for Defendant paid on a day rate or hourly basis without overtime

pay.

4.      Plaintiff and the Collective Action Members seek all damages available under the

FLSA and NMMWA, including back wages, liquidated damages, legal fees, costs, and post-

judgment interest.

## II.      THE PARTIES

### A.      Plaintiff Freddie Martinez

5.      Plaintiff is an individual residing in San Juan County, New Mexico. Plaintiff has

standing to file this lawsuit.

6.      Plaintiff began working for Defendant on or about July 2005, and stopped working

in January 2019. Plaintiff is a former employee.

7.      At material times, Plaintiff earned a day rate of approximately $450 per day or

hourly wages in the amount of $38.10 without any overtime pay in connection with work for

Defendant.

8.      Plaintiff's written consent to participate in this lawsuit is filed along with this

Original Complaint as Exhibit 1.

### B.      Collective Action Members

9.      The putative Collective Action Members are all current or former employees of

Defendant who are/were paid on a day rate basis and who are/were not paid time and one-half their

respective regular rates of pay for all hours worked over 40 during each seven-day workweek.

Because Defendant did not pay all overtime premium compensation due to its employees paid on

a day rate who routinely worked in excess of 40 hours per workweek, Plaintiff and the putative

Collective Action Members are all similarly situated within the meaning of Section 216(b) of the

FLSA.

10.     The relevant time period for the claims of the putative Collective Action Members

is three years preceding the date this lawsuit was filed and forward.

**C.     Defendant Chenault Consulting Inc.**

11.     Defendant is a corporation organized under the laws of the State of New Mexico.

12.     During all times relevant to this lawsuit, Defendant has done business in the State

of New Mexico.

13.     Defendant's principal place of business, as listed with the New Mexico Secretary

of State is 4800 College Boulevard, Suite 105; Farmington New Mexico 87402.

14.     At all times relevant to this lawsuit, Defendant is and has been an "enterprise

engaged in commerce" as defined by the FLSA.

15.     At all times relevant to this lawsuit, Defendant employed and continues to employ

two or more employees.

16.     At all times relevant to this lawsuit, Defendant employed two or more employees

who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials

that have been moved in or produced for commerce by any person.

17.     Defendant employed two or more employees who regularly handled, sold or

otherwise worked on goods and/or materials in their daily work that were moved in and/or

produced for commerce. Examples of such goods and/or materials include tools, pipeline, vehicles,

fuel, equipment and supplies/materials used in connection with pipeline work.

18.     On information and belief, at all times relevant to this lawsuit, Defendant has had

annual gross sales or business volume in excess of $500,000.

19.    Defendant may be served with summons through its registered agent Robert

Gordon Chenault at 4800 College Boulevard, Suite 105; Farmington New Mexico 87402.

### III.    JURISDICTION AND VENUE

20.    This Court has subject matter jurisdiction over this case based on federal question

jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law,

namely the FLSA. *See* 29 U.S.C. § 216(b).

21.    This Court also has supplemental jurisdiction over Plaintiffs' state law claims

pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative

fact.

22.    The United States District Court of New Mexico has personal jurisdiction over

Defendant because Defendant does business in New Mexico and in this District, and because many

of the acts complained of and giving rise to the claims alleged occurred in New Mexico and in this

District.

23.    Venue is proper in this District and/or Division pursuant to 28 U.S.C. § 1391(b)

because a substantial part of the events giving rise to all claims occurred in this District, and in this

Division.

### IV.    FACTUAL BACKGROUND

24.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in

this section.

25.    Plaintiff was employed by Defendant as a pipeline inspector in connection with its

oil and gas related project management and maintenance services. His primary job duties involve

monitoring pipeline projects to ensure there were no structural integrity issues with the pipes crossing, that the lines were buried appropriately and separate by a certain amount of distance.

26.     At material times Plaintiff was paid a day rate of approximately $450 per day. Alternatively, Plaintiff was paid on an hourly basis which was derived from that day rate of $38.10 per hour. Defendant did not pay Plaintiff a salary or on a "fee basis" as those phrases relate to the FLSA.

27.     Plaintiff routinely worked in excess of 40 hours per workweek for Defendant. Plaintiff's weekly work schedule typically encompassed approximately 80 hours of work for Defendant. However, regardless of whether Plaintiff was paid a day rate or an hourly rate of pay, Defendant did not pay Plaintiff time and one-half the regular rate of pay for all hours worked over 40 during each and every workweek.

28.     During times relevant, Defendant employs/employed numerous other employees in connection with its oil and gas related project management and maintenance services who are/were similarly situated to Plaintiff. Those employees are/were also paid on a day rate basis, are/were not paid on a salary or fee basis, routinely work/worked in excess of 40 hours per workweek, and are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each and every workweek.

## V.     FLSA CLAIMS FOR OVERTIME PAY

29.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

30.     At all relevant times, Defendant is/was an eligible and covered employer under the FLSA. *See* 29 U.S.C. § 203(d).

31.     At all times relevant to this lawsuit, Defendant has been and is an enterprise engaged in commerce under the FLSA. *See* 29 U.S.C. § 203(s)(1)(A).

32.     Plaintiff and putative Collective Action Members are/were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e)

33.     Plaintiff and putative Collective Action Members were not exempt from overtime under the FLSA.

34.     Plaintiff and putative Collective Action Members are/were paid on a day rate basis by Defendant.

35.     At times relevant to this lawsuit, Plaintiff and putative Collective Action Members work/worked in excess of 40 hours per seven-day workweek as employees of Defendant.

36.     Defendant is/was required to pay Plaintiff and putative Collective Action Members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

37.     Defendant failed to pay Plaintiff and putative Collective Action Members one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit in violation of the FLSA. *See Hewitt v. Helix Energy Sols. Grp., Inc.*, 956 F.3d 341, 342 (5th Cir. 2020) ("[. . .] [A]n employee who is paid a daily rate is not paid on a 'salary basis' under 29 C.F.R. § 541.602(a).")).

38.     Defendant failed to maintain and preserve payroll records which accurately show the total hours worked by Plaintiff and putative Collective Action Members, individually, on a daily and weekly basis in violation of the recordkeeping requirements of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a) & 516.5.

39.     Putative Collective Action Members are/were similarly situated to Plaintiff and to each other under the FLSA. 29 U.S.C. § 216(b).

40.     Defendant's violation of the FLSA, as described above, is/was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff and putative Collective Action Members were not paid overtime premium pay at the rate of time and one-half their respective regular rates of pay for all hours worked over forty in a seven-day workweek.

41.     Plaintiff and putative Collective Action Members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed and forward for their FLSA claim as the result of Defendant's willful conduct. *See* 29 U.S.C. § 255(a).

42.     Plaintiff and putative Collective Action Members seek all damages available for Defendant's failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VI.     COLLECTIVE ACTION CLAIMS

43.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

44.     Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis.

45.     Plaintiff seeks to bring claims under the FLSA, 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined as:

> **All current and former employees of Defendant who were paid a day rate and/or straight time hourly pay for all hours worked without receiving overtime premium pay for all hours worked over forty in each seven-day workweek for the time period beginning three years prior to the filing of this lawsuit through the date of the final disposition of this action.**

46.     Plaintiff has personal knowledge that other putative Collective Action Members were paid pursuant to the same policy, namely, paid a day rate for all hours of work without receiving overtime premium pay for all hours worked over forty in each seven-day workweek.

47.     The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA.

48.     Defendant's failure to pay overtime wages results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

49.     The specific job titles or precise job responsibilities of each putative collective action member do not prevent collective treatment.

50.     Although the exact amount of damages may vary among the putative collective action members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

51.     Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

52.     Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII.     NMMWA CLAIMS FOR OVERTIME PAY

53.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

54.     At all times relevant to this lawsuit, Defendant has been an employer within the meaning of N.M. Stat. Ann. § 50-4-21(B).

55.     At all times relevant to this lawsuit, Plaintiff and the Class Members were employees of Defendant within the meaning of N.M. Stat. Ann. § 50-4-21(C).

56.     The NMMWA requires payment of at least the applicable minimum wage ($9.00 effective January 1, 2020 (*see* N.M. Stat. Ann. § 50-4-22(A)(2))) and payment of one and one-half times the employee's regular rate of pay for each hour worked over forty (40) hours per workweek (*see* N.M. Stat. Ann. § 50-4-22(D)).

57.     As the result of the foregoing conduct, as alleged, Defendant has failed to pay all wages due under the NMMWA by failing to pay all due and owing overtime and/or minimum wages to Plaintiff and the Class Members. This conduct violated, and continues to violate, the NMMWA.

58.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the Class Members have suffered and will continue to suffer from a loss of income and other damages.

59.     Pursuant to N.M. Stat. Ann. § 50-4-32, Plaintiff and the Class Members are entitled to recover for all violations that occurred as part of Defendant's continued course of conduct regardless of the date on which they occurred.

60.     Plaintiff brings his claims on behalf of himself and all similarly situated employees pursuant to N.M. Stat. Ann. § 50-4-26(C)-(E), which authorizes a private cause of action for Plaintiff and the Class Members. Under that statute, Plaintiff and the Class Members are entitled to their unpaid wages, plus an amount equal to twice their unpaid wages, prejudgment interest, all costs in bringing this action, and all attorneys' fees accrued that are recoverable under New Mexico Law.

## VIII.   <u>CLASS ACTION ALLEGATIONS</u>

61.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

62.     Plaintiff brings his NMMWA claims as a class action under Rule 23 of the Federal Rules of Civil Procedure.

63.     Plaintiff proposes an initial definition of the New Mexico Class Members as:

**All current and former employees of Defendant working in New Mexico who were paid a day rate and/or straight time hourly pay for all hours worked without receiving overtime premium pay for all hours worked over forty in each seven-day workweek.**

64.     Plaintiff reserves the right to refine this definition or establish sub-classes in the event that discovery reveals that a more appropriate class definition exists.

65.     <u>Numerosity</u> (Fed. R. Civ. P. 23(a)(1)) – The New Mexico Class is so numerous that joinder is impracticable. On information and belief, the number of New Mexico Class Members exceeds forty (40).

66.     <u>Commonality</u> (Fed. R. Civ. P. 23(a)(2)) – Common questions of law and fact exist as to putative members of the New Mexico Class, including but not limited to, the following:

   a.   Whether Defendant maintained a policy or practice of failing to pay all due and owing overtime wages by paying Plaintiff and the putative New Mexico Class Members a day rate and/or straight time hourly pay irrespective of their hours of work, and;

   b.   The proper measure of damages sustained by the putative New Mexico Class.

67.     <u>Typicality</u> (Fed. R. Civ. P. 23(a)(3)) – Plaintiff's claims are typical of those of the putative New Mexico Class. Plaintiff, like other New Mexico Class Members, was subject to Defendant's policy or practice of failing to pay all due and owing overtime wages by paying

Plaintiff and the putative New Mexico Class Members a day rate and/or straight time hourly pay irrespective of their hours of work. Plaintiff's job duties and claims are typical of those of the putative New Mexico Class.

68.     Adequacy (Fed. R. Civ. P. 23(a)(4)) – Plaintiff will fairly and adequately represent and protect the interests of the putative New Mexico Class.

69.     Adequacy of Representation (Fed R. Civ. P. 23(g)) – Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation. Plaintiff's counsel has litigated numerous class actions on behalf of employees seeking back overtime and minimum wages, and other wage and hour concerns. Plaintiff's counsel intend to commit the necessary resources to prosecute this action vigorously for the benefit of all of the putative New Mexico Class Members.

70.     Predominance and superiority (Fed. R. Civ. P. 23(b)(3)) – Class certification of the New Mexico State Law claims is also appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to the putative New Mexico Class predominated over any questions affecting only individual members of the putative New Mexico Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies or practices unlawfully fail to compensate members of the putative New Mexico Class. The damages suffered by individual New Mexico Class Members are small compared to the expense and burden of individual prosecution of this action. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendant's policy or practice.

71.     <u>Ascertainability</u> – The identity of the members of the New Mexico Class is readily ascertainable based on Defendant's records.

72.     <u>Notice</u> (Fed. R. Civ. P. 23(c)(2)(B)) – Plaintiff intends to send notice of this lawsuit to all New Mexico Class Members to the extent provided by Rule 23.

## IX.     JURY DEMAND

73.     Plaintiff demands a jury trial on behalf of himself and the Class Members on all issues.

## X.     DAMAGES AND PRAYER

74.     Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the putative Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

    a.  An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative collective action members;

    b.  An order certifying this case as a class action under Rule 23 for the New Mexico state law claims;

    c.  All damages allowed by the FLSA and NMMWA, including back wages;

    d.  Liquidated damages in an amount equal to FLSA-mandated back wages and/or NMMWA-mandated back wages;

    e.  Legal fees, costs and expenses, as permitted under the FLSA and/or NMMWA;

    f.  Pre- and Post-judgment interest, as permitted under the FLSA and/or NMMWA;

    g.  All other relief to which Plaintiff and the collective action members may be justly entitled.

Dated:  September 18, 2020           Respectfully submitted,

By:    s/ Melinda Arbuckle
        Melinda Arbuckle
        State Bar No. 24080773
        marbuckle@eeoc.net
        Ricardo J. Prieto
        State Bar No. 24062947
        rprieto@eeoc.net
        Shellist Lazarz Slobin LLP
        11 Greenway Plaza, Suite 1515
        Houston, TX 77046
        (713) 621-2277 – Telephone
        (713) 621-0993 – Facsimile

ATTORNEYS FOR PLAINTIFF AND PUTATIVE
COLLECTIVE ACTION MEMBERS

13