IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FREDDIE MARTINEZ,
*Individually and on Behalf of all others
Similarly situated*,

      Plaintiff,

  v.                      1:20-cv-00954-KWR-GJF

CHENAULT CONSULTING, INC.,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion for Approval of Form of Notice and Consent (**Doc. 20**), filed July 13, 2021.  Having reviewed the parties' pleadings and the applicable law, the Court finds that Plaintiff's motion is **WELL-TAKEN** in part and, therefore, is **GRANTED IN PART AND DENIED IN PART**.

### BACKGROUND

This collective action claim arises from alleged violations of the Fair Labor Standards Act and Portal-to Portal Pay Act (collectively, "FLSA") and the New Mexico Minimum Wage Act for unpaid overtime compensation.  Plaintiff Freddie Martinez was employed by Defendant Chenault Consulting, Inc. as a pipeline inspector from July 2005 to January 2019 and earned $450 per day or $38.10 per hour. **Doc. 1, ¶¶ 6–7**, **25**.  Plaintiff alleges that he worked over 40 hours a week, yet Defendant failed to pay Plaintiff time-and-one half the regular rate of pay for hours worked over 40 hours each workweek.  *Id.* ¶ 27.  Plaintiff alleges that Defendant also failed to pay overtime for other similarly situated employees.  *Id.* ¶ 28.  At this stage in the proceedings, the parties have

agreed to conditional certification of this matter as a collective action. *See* **Doc. 13, at 1**. The parties have also agreed to send notice and consent to join forms to the putative collective action members. *See* **Doc. 20, at 1**. However, the parties cannot agree as to the content of the notice and consent forms.

## LEGAL STANDARD

Under the Federal Labor Standards Act ("FLSA"), an employee may bring a collective action on behalf of "similarly situated" employees. 29 U.S.C. § 216(b). The purpose of a collective action is to give "plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources," and to benefit the judicial system "by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged…activity." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). Unlike Federal Rule of Civil Procedure 23 class actions,[1] putative class members under the FLSA must consent in writing and opt-in to the class rather than opt out. *See Thiessen v. General Electric Capital Corp*., 267 F.3d 1095, 1102 (10th Cir. 2001); 29 U.S.C. § 216(b). Accordingly, employees must receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *See Hoffmann-La Roche*, 493 U.S. at 170. The Court has the discretion to approve the content of FLSA notices. *Id.* at 170–72.

---

[1] Class actions on state law wage claims, such as the New Mexico Minimum Wage Act, brought in federal court are governed by Rule 23 of the Federal Rules of Civil Procedure. *See Cisneros v. EP Wrap-It Insulation, LLC*, No. CV 19-500 GBW/GJF, 2021 WL 2953117, at *2. Class members must affirmatively opt out of the class if they do not wish to be bound by the judgment. *See* Fed. R. Civ. P. 23(c)(2)(B). At this time, the parties have not proposed nor raised any issues regarding the Rule 23 opt-out notice.

## DISCUSSION

### I. The Parties' Concurrence as to the Content of the Notice and Consent Form.

Plaintiff asks the Court to approve Plaintiff's version of the notice and consent form for distribution to putative collective action members. Defendant objects to some content in the proposed notice and requests that the Court strike language that Defendant believes is prejudicial or include language it believes clarifies confusion. The Court will first discuss areas where the parties now appear to agree.

#### A. Damages Sought by Plaintiff in the Lawsuit.

First, Plaintiff contends that putative members are entitled to know all damages sought in the lawsuit. *See* Doc. 20, at 2. Plaintiff includes in the proposed notice the following language concerning damages: "Additionally, the Named Plaintiff seeks double his unpaid wages for CHENAULT's alleged failure to pay all overtime wages due. The Named Plaintiff also claims that CHENAULT should have to pay his attorneys' fees." *See* **Doc. 20-2, Ex. B, at 1**. Defendant struck both sentences in its proposed version of the notice, *id.*, and Plaintiff argues that to omit this language would be "misleading as it would fail to inform putative collective action members of the full range of damages sought by the Plaintiff in this lawsuit." *See* **Doc. 20, at 2**. However, Defendant notes in its response that it conceded, prior to Plaintiff's filing of the instant motion, that such language was appropriately included and rescinded its request to strike. *See* **Doc. 21, at 2**. Here, because the parties now concur, the Court finds that Plaintiff's proposed language may appropriately remain as is.[2]

---

[2] For ease of reference, the Court refers to the parties' redline of the notice and consent form (**Doc. 20-2, Ex. B**) when noting relevant changes.

### B. Defendant's Legal Position in the Lawsuit.

Next, the parties dispute Plaintiff's statement of Defendant's legal position taken in the suit. Plaintiff's proposed language of Defendant's position states: "CHENAULT disputes this claim because it does not believe that the Named Plaintiff and recipients of this notice worked overtime hours for CHENAULT." *See* **Doc. 20-2, Ex. B, at 1**. Defendant objects and proposes the following language instead: "CHENAULT disputes the claims in the lawsuit." *Id.* Here, the parties now appear to agree on Defendant's proposed language. *See* **Doc. 20, at 2**; **Doc. 21, at 2**. As a result, the Court instructs Plaintiff to amend the notice to reflect Defendant's change.

### C. Contact information for Defense Counsel.

The parties also dispute the inclusion of contact information for Defendant's counsel. Defendant proposed to add the names of counsel for Chenault, their business address, telephone number, and email addresses. *See* **Doc. 20-2, Ex. B, at 3**. Plaintiff argues that contact information for defense counsel should not be included in the notice because it could present an ethical conflict. *See* **Doc. 20, at 5**. Here, the parties now concur on this point, and the Court rejects Defendant's inclusion of contact information for defense counsel. *See, e.g.*, *Pruess v. Presbyterian Health Plan, Inc.*, No. CV 19-629 KG/JFR, 2020 WL 6544243, at *7 (D.N.M. Nov. 6, 2020) ("[T]he Court notes that providing defense counsel's contact information may confuse putative class members. The opt-in class members are Defendants' adversaries and, thus, should not contact defense counsel.").

## II. The Parties' Specific Points of Disagreement as to the Content of Notice and Consent Form.

Notwithstanding the areas of concurrence, the parties dispute several pieces of the proposed notice, including: (1) whether there should be references to alternate choice of counsel for putative

members; (2) whether the notice may include a calculation of Plaintiff's estimate of potential damages; (3) whether the notice may include a statement about the imposition of costs; and (4) whether the notice and consent form may include the contact information for Plaintiff's counsel.

### A.  Relevant Language in "How Do I Join the Lawsuit?"

#### 1.  Alternate Counsel

First, Defendant proposes to include language in the notice that would inform plaintiffs that they may hire counsel of their own.  Defendant proposes the following: "If you want to join this lawsuit seeking unpaid wages, you must fill out the enclosed Consent Form and mail it to the Named Plaintiffs' attorneys in the enclosed envelope.  **Alternatively, you may secure your own counsel or proceed *pro se* (without a legal representative**)."  *See* **Doc. 21, at 2–3** (emphasis added).  In response, Plaintiff rejects Defendant's second sentence and proposes instead: "You are free to file your own lawsuit against CHENAULT with counsel which you separately retain at your own expense."  *See* **Doc. 20, at 3**.  Plaintiff argues that informing potential members of their right to retain their own counsel is not "mandated or appropriate," but that Plaintiff's language "more fairly informs potential opt-in plaintiffs that any relationship they make separate and apart from this lawsuit will require obtaining counsel of their own initiative and at their own expense."  *See* **Doc. 22, at 1–2**.  The Court disagrees.

"Informing potential plaintiffs of their right to choose their own counsel is an appropriate element in a notice."  *See Ratliff v. Pason Sys. USA Corp.*, 196 F. Supp. 3d 699, 702 (S.D. Tex. 2016) (quoting *Heaps v. Safelite Solutions, LLC*, No. 2:10 CV 729, 2011 WL 1325207, at *9 (S.D.Ohio Apr. 5, 2011)).  Here, Defendant's statement is fair and accurate.  Therefore, the Court sustains Defendant's objection and directs Plaintiff to amend the notice to reflect Defendant's language.  *Id.* at 703 (approving "If you choose to join this lawsuit, you may choose to have

Plaintiff Ratliff's attorneys represent you. Alternatively, you may consult your own attorney"); *see also Stallings v. Antero Res. Corp.*, No. 1:17-CV-01939-RM-NYW, 2018 WL 1250610, at *8 (D. Colo. Mar. 12, 2018) ("[T]he Notice inaccurately suggests that opt-in plaintiffs must be represented by the Josephson Dunlap Law Firm and Bruckner Burch PLLC, and fails to advise potential opt-in plaintiffs that they may secure their own representation or proceed *pro se*.").

### 2. Statute of Limitations

Next, Plaintiff requests that the notice inform potential members about the statute of limitations in FLSA cases. Thus, Plaintiff proposes to include the following: "Send the form sooner rather than later, because filing the form earlier may mean that the time period for which you can seek wages will be greater than if you wait." *See* **Doc. 20-2, Ex. B, at 2**. Defendant objects to this language and argues that the notice already "establishes the deadline within which a potential opt-in plaintiff must submit his or her consent [therefore,] Plaintiff's superfluous language is unnecessarily prejudicial to Defendant." *See* **Doc. 21, at 3**. Plaintiff counters that omission of this language would "unfairly prejudice putative collective action members by failing to provide accurate counsel about the nature of the statute of limitations in FLSA cases." *See* **Doc. 20, at 3**.

The Court sustains Defendant's objection in part. Here, it is reasonable to inform potential members of the statute of limitations. However, Plaintiff's statement regarding the "time period [to] seek wages" does not convey the effect of the statute of limitations. Plaintiff's proposed language would appear to imply that potential members will recover less if they wait, but the statute of limitations "may or may not affect a potential opt in plaintiff's recovery." *See Mondragon v. Scott Farms, Inc.*, No. 5:17-CV-00356-FL, 2019 WL 489117, at *10 (E.D.N.C. Feb. 7, 2019). Therefore, the Court directs Plaintiff to modify the sentence to include language similar

6

to the following: "Send the form sooner rather than later because the statute of limitations in your case depends upon the date on which you file the attached consent to sue." *See id.*

### B. Relevant Language in "How Much Money is at Stake?"

Additionally, Plaintiff proposes to include language regarding the potential damages in the case. In relevant part, Plaintiff proposes:

> The Named Plaintiff's Lawyers have completed a preliminary calculation of the back overtime wages due to each individual receiving this notice. The back wages in this case range from approximately $1,916.67 to $194,744.17. Plus, the law typically requires employers who lose FLSA cases to pay liquidated damages, which doubles the back wages, meaning that one or more of you may be entitled to approximately $389,488.34.

*See* **Doc. 20-2, Ex. B, at 2**.

Defendant proposes to strike the entirety of this section. Defendant contends, first, that Plaintiff already agreed to remove this section, but also that the section includes "numerous speculative statements" based on the "calculations." **Doc. 21, at 3**. Defendant argues that Plaintiff's "preliminary calculation" is misleading because it "fails to admit that these calculations contain assumptions of the amount of time worked by potential opt-in plaintiffs, some of which Plaintiff has never met." *Id.* Defendant notes that such assumptions "negate whatever value the calculations may have contained and render the comments and figures prejudicial." *Id.* Defendant also argues that Plaintiff's statement about what the "law typically requires" is an "inaccurate and generalized" legal opinion without any legal support. *Id.* Defendant asserts that the inclusion of this language attempts to bias plaintiffs with "overly optimistic projections with no legal basis in fact or evidence." *Id.*

In response, Plaintiff argues that its reference to "preliminary" calculations is proper because potential members are "entitled to know that Plaintiff's counsel is doing work on their behalf to determine their potential recovery, and entitled to know how much money they may be

walking away from in the event that they do not participate in the action." *See* **Doc. 20, at 4**; **Doc. 22, at 2**. However, Plaintiff yields two points—Plaintiff will "make clear that the calculations are based in estimate of hours worked" and modify the language following what the "law typically requires." *See* **Doc. 22, at 3**. Here, Plaintiff proposes to include language that states: "liquidated damages are typically required 'unless Defendant can meet the difficult burden of establishing any FLSA violation was in good faith and with reasonable grounds for believing that defendant's conduct was not in violation of the FLSA.'" *See* **Doc. 22, at 3**.

The Court sustains Defendant's objection. The language in this section improperly promotes Plaintiff's case by "focusing on the potential to enhance damages." *See Wingo v. Martin Transp., Inc.*, No. 2:18-CV-00141-JRG, 2018 WL 6334312, at *6 (E.D. Tex. Dec. 5, 2018). Additionally, Plaintiff's language improperly frames the preliminary calculation and liquidated damages as a sum certain or guaranteed amount despite Plaintiff's disclaimer at the end of the section. Further, Plaintiff's concessions are insufficient to advise "less sophisticated collective action members," *see* **Doc. 20, at 5**, and instead, are likely to complicate rather than clarify the issues. Therefore, the Court directs Plaintiff to strike the section. However, the Court finds that "a discussion of potential damages is valuable to the prospective class." *Id.* Thus, should Plaintiff wish to state the potential damages "at stake," Plaintiff may include language akin to the following: "Should [Plaintiff] prove his case, the participating [putative collective action members] may receive up to two times the amount of unpaid wages."[3]

---

[3] Plaintiff may also retain "The damages in FLSA cases are generally largest for those who performed services for CHENAULT for the longest period of time," **Doc. 20-2, Ex. B, at 2**, which the Court concludes is appropriate and accurate.

### C. Relevant Language in "What Happens Next?"

#### 1. Alternate Counsel

Defendant again proposes to inform putative collective action members of their right to counsel in the section titled "What Happens Next?"  *See* **Doc. 20-2, Ex. B, at 2**; **Doc. 21, at 4**. Plaintiff raises the same argument regarding alternate counsel as above.

Here, the Court rejects Defendant's language.  Because the Court has already determined that the proposed notice should state that potential members "may secure [their] own counsel or proceed *pro se* (without a legal representative)," the Court concludes that "any further mention of a putative class member's right to hire their own attorney would be duplicative." *See Pruess*, 2020 WL 6544243, at *7.  Thus, the Court overrules Defendant's objection and directs Plaintiff to omit Defendant's proposed language.

#### 2. Imposition of Costs

Defendant proposes to inform potential members about the imposition of costs.  Plaintiff proposes the following: "If the Named Plaintiff loses, you will not receive any money, but you will not have to pay any money." *See* **Doc. 20-2, Ex. B, at 2**.  However, Defendant argues that the following is more appropriate: "If the Named Plaintiff loses, you will not receive any money, **and you may owe costs**." *Id.* (emphasis added).  Defendant asserts that "fairness and accuracy dictate the Notice informs potential opt-in plaintiffs of a potential award of costs against them." *See* **Doc. 21, at 4**.  Plaintiff retorts that Defendant's language is "unnecessary and inappropriate" and would serve to "chill participation in the suit," but acknowledges that "courts in this district tend to include a warning regarding imposition of costs." *See* **Doc. 20, at 4–5; Doc. 22, at 3**.

The Court sustains Defendant's objection in part.  "[B]ecause costs possibly could be awarded to the prevailing party, fairness and accuracy require that potential class members be

informed of that possibility." *See Landry v. Swire Oilfield Servs., L.L.C.*, 252 F. Supp. 3d 1079, 1128 (D.N.M. 2017) (internal quotations and alterations omitted).  However, to avoid "chill[ing] participation," the Court directs Plaintiff to modify the proposed notice to state: "If the Named Plaintiff loses, you will not receive any money, and you may be responsible for paying court costs and expenses (not including Defendants' attorney fees)." *Id.*; *see also Pruess*, 2020 WL 6544243, at *7; *Aguilar v. Mgmt. & Training Corp.*, No. CV 16-050 WJ/GJF, 2017 WL 4277139, at *9 (D.N.M. Jan. 27, 2017).

### D. Identity and Contact Information for Plaintiff's Counsel.

#### 1. Counsel Phone Numbers

Next, Plaintiff's proposes that the notice includes the telephone number to reach Plaintiff's counsel at the bottom of each page. **Doc. 20-2, Ex. B, at 1–3**.  Defendant objects and asserts that such information is misleading because "opt-in plaintiffs have the option to contact alternate counsel or proceed *pro se*." *See* **Doc. 21, at 5**.  Plaintiff asserts that notice recipients should know who to contact and Defendant fails to provide justification for "removing access to Plaintiff's counsel from putative collective action members." *See* **Doc. 20, at 6**.  The Court agrees.

"In FLSA collective actions, plaintiffs' counsel are typically responsible for distributing notice and common sense dictates that potential class members should be able to reach out to plaintiffs' counsel to ask questions as part of their decision making process on whether to join the lawsuit." *See Wade v. Furmanite Am., Inc.*, No. 3:17-CV-00169, 2018 WL 2088011, at *9 (S.D. Tex. May 4, 2018).  The notice already informs putative members of their right to seek their own counsel and the Court does not find that the inclusion of counsel's telephone number contradicts this information.  Accordingly, the Court overrules Defendant's objection and holds that the proposed notice may include Plaintiff's counsel's contact information at the bottom of each page.

### 2. "How Can I Get More Information?"

Next, Defendant objects to Plaintiff's inclusion of language about replacement forms. Plaintiff proposes the following: "You can get more information about the lawsuit **or a replacement Consent to Join form** by contacting the Named Plaintiffs' attorneys at the below points of contact." *See* **Doc. 20-2, Ex. B, at 3** (emphasis added). However, Defendant struck the phrase "or a replacement Consent to Join form." *Id.* Defendant fails to offer any justification or legal authority supporting its objection. Here, there does not appear to be any reason why potential members should not be informed of the possibility of receiving a replacement consent form. Therefore, the Court overrules Defendant's objection and finds that Plaintiff's language may remain as is.

### 3. Consent to Join Forms

Finally, Defendant objects to the inclusion of Plaintiff's counsel in the consent to join form. Specifically, Plaintiff proposes the following:

> By joining this lawsuit[,] I designate the **Named Plaintiff and his attorneys** (and other persons those individuals designate as necessary) as my representatives to make all decisions on my behalf...
>
> For purposes of pursuing my damages claims against Defendant, I choose to be represented by the **law firm of Shellist Lazarz Slobin, LLP**, and other attorneys with whom they may associate.

**Doc. 20-2, Ex. B, at 4** (emphasis added). Here, Defendant proposes to replace the phrase "Named Plaintiff and his attorneys" with "receiving attorney" and "law firm of Shellist Lazarz Slobin, LLP" with "receiving attorney." *Id.* Defendant maintains that multiple recitations of Counsel's contact information is misleading. *See* Doc. 21, at 5. Here, because the Court has already determined that the proposed notice will state that potential members may proceed in the suit with their own counsel, the Court finds that the inclusion of Plaintiff's law firm and the words "Named Plaintiff and his attorneys" in the consent form is not prejudicial nor does it deny potential members of their

11

right to independent counsel. Therefore, the Court overrules Defendant's objection and finds that Plaintiff's language may remain as is.

## CONCLUSION

The Court approves the proposed notice and consent form to the putative class members as modified above.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Approval of Form of Notice and Consent (**Doc. 20**) is hereby **GRANTED IN PART AND DENIED IN PART**.

**FURTHERMORE**, within **fourteen (14) days** of the date of this Order, Plaintiff shall revise the notice and consent in accordance with this Order and submit the revised version to Defendant for approval. Defendant shall have **seven (7) days** to object. Before bringing any objections to the Court, the parties must first confer and attempt to resolve their disputes in a reasonable and timely manner. If the revised notice and consent form is acceptable to both parties, notice should be issued as soon as practicable.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**